**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TERRY HIGHLANDER,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:15-cv-12661

WEATHERFORD ARTIFICIAL LIFT
SYSTEMS, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Suggestion of Bankruptcy. (ECF No. 6.) For the reasons discussed herein, Plaintiff's request for a stay of the current action is **DENIED**.

Plaintiff filed the instant action in the Circuit Court of Fayette County, West Virginia, on May 29, 2015. (ECF No. 1, Exh. 1.) On August 24, 2015, Defendants filed a notice of removal with this Court, (ECF No.1), as well as a motion to dismiss Plaintiff's Complaint, (ECF No. 2). On September 22, 2015, Plaintiff filed a Suggestion of Bankruptcy advising the Court that Plaintiff had filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Southern District West Virginia under Chapter 7 of the United States Bankruptcy Code. (ECF No. 6.) In that petition, Plaintiff asserted that his bankruptcy petition triggered the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a). By Order entered November 5, 2015, the Court requested briefing on the issue of whether the automatic stay provision applies to judicial

proceedings initiated by, as opposed to against, a debtor. (ECF No. 7.) The Court has received that briefing and the issue is ripe for determination.

As pertinent here, 11 U.S.C. § 362(a)(1) provides:

> [A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The plain language of the automatic stay provision refers only to judicial proceedings commenced against a bankrupt debtor. That the provision applies only to such proceedings, rather than to proceedings initiated by such debtor, is clear in light of that provision's underlying purpose. As articulated by the Fourth Circuit, that purpose is:

> to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.

*A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 998 (4th Cir. 1986) (citing *Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982)).

These underlying policy considerations are not implicated in the context of affirmative lawsuits filed by the bankrupt debtor as plaintiff. *See, e.g.*, *Martin-Trigona v. Champion Fed. Sav. and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) (listing the policy justifications underlying the automatic stay as applied to suits against a debtor, but noting that "[t]here is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights"). Accordingly, although the Fourth Circuit has not directly ruled on the issue, the prevailing sentiment among the federal courts of appeals is that "the [Bankruptcy] Code's automatic stay does not apply to judicial proceedings . . . that were initiated by the debtor." *Brown v. Armstrong*,

949 F.2d 1007, 1010 (8th Cir. 1991); *see also In re Berry Estates*, 812 F.2d 67, 71 (2d Cir. 1987); *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982); *Freeman v. Comm'r of Internal Revenue*, 799 F.2d 1091, 1092–93 (5th Cir. 1986); *Martin-Trigona*, 892 F.2d at 577; *Carley Capital Grp. v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1127 (D.C. Cir. 1989). District courts within the Fourth Circuit have reached the same conclusion. *See Advanced Comput. Services of Mich., Inc. v. MAI Systems Corp.*, 161 B.R. 771, 775 (E.D. Va. 1993) ("By its plain terms, § 362(a) has no application to a debtor's claim."); *Houey v. Carolina First Bank*, 890 F. Supp. 2d 611, 616–17 (W.D.N.C. 2012) (noting that the fact that a defendant asserts a defense against a debtor plaintiff's claims does not violate the automatic stay applicable to claims against the debtor because "the stay does not seek to prevent defendants sued by a debtor from defending their legal rights" (quoting *ACandS, Inc. v. Travelers Cas. and Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006))).

Based on both the plain language of the statute and the persuasive authority of the above-cited cases, the Court finds that the automatic stay provision does not apply to this action, initiated by a plaintiff who has since filed a petition for bankruptcy. Accordingly, Plaintiff's request to have the current action stayed is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:	January 28, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE